**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

HERMAN DOUGLAS CARTER, JR.,       *

      Petitioner,              *

                                     CASE NO. 4:06-CV- 79  (CDL)

VS.                        *             28 U.S.C. § 2255

                                   CASE NO. 4:91-CR-91-001 (JRE)

UNITED STATES OF AMERICA,       *

      Respondent.               *

### <u>REPORT AND RECOMMENDATION</u>

On June 14, 2006, Petitioner Carter  moved this court FOR LEAVE TO AMEND 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE.  Petitioner Carter's  last § 2255 Motion was denied by Order of this court on February 27, 2006,  in Case No. 4:04-CV-53.  Petitioner did not appeal that Order and it became Final and Closed on March 30, 2006, the last date for appeal or amendment, if allowed.  He now asserts by way of Objections filed June 29, 2006, that his Motion For Leave to Amend was not directed at his 2004 § 2255 Motion, but was directed at his original § 2255 Motion filed in 1993, which was denied in 1993.

Petitioner Carter states that he agrees that his right to file a new § 2255 Motion is barred by the AEDPA statute of limitations and is also prohibited by the AEDPA's a second or successive Motion provisions.   However,  he contends that his Motion filed in 1993 is not subject to the AEDPA, but is governed by Pre-AEDPA laws and rules.    Petitioner's assertion is contrary to law.

The Eleventh Circuit addressed the AEDPA statute of limitations as to all prisoners whose convictions had become final prior to the effective date of the AEDPA.  In *Goodman v. United States,* 151 F.3d 1335, 1337 (11th Cir. 1998), the Court held that  prisoners whose convictions became final before the AEDPA's effective date of April 24, 1996, "must be

given a reasonable time after the enactment of the one- year period of limitation to file their federal habeas actions, and under those circumstances, a reasonable period is until April 23, 1997," one year from the date of enactment of § 105 of the AEDPA."

The issues has long been settled that the enactment of the AEDPA applies to federal convictions entered prior to the effective date. The *Goodman* Court established that a federal prisoner who had filed a § 2255 Motion prior to the effective date of the AEDPA had a right to file a new § 2255 Motion after the effective date of that legislation, and Petitioner Carter did so. On the other hand, there is no statutory provision for amending a § 2255 Motion which was denied years before the enactment of the AEDPA. Any new claim by way of proposed amendment to Petitioner's 1993 Motion To Vacate, or otherwise, would also be barred by the AEDPA statute of limitations.

WHEREFORE IT IS RECOMMENDED that Petitioner's proposed Amendment to his 1993 § 2255 Motion be DENIED as frivolous. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 6th day of July 2006.


S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

2